————o————

5364.

(Court of Appeal, Parish of Orleans.)

## JOSEPH SENTILLES ET AL. vs. M. L. & T. R. R. & S. S. CO.

1. Omission from the citation of defendant's full name is immaterial, if it be mentioned in full in the copy of the petition accompanying the citation.
2. The issues of fact are resolved in favor of the plaintiff.

Appeal from the 28th Judicial District Court, Parish of Jefferson.

A. E. Billings, for appellant.

L. H. Marrero, Jr., for appellee.

DUFOUR, J.—The plaintiff sued for damages for the alleged killing of two and the injury to one mule by one of defendant's trains.

An exception was filed to the sufficiency of the citation on the ground that it failed to state the full name of the defendant; the exception was properly overruled. It is sufficient that the copy of the petition accompanying the citation mentioned the full name of the defendant.

### Succession of Marigny, 22 An., 121.

It is shown that the train ran into a drove of eighteen mules belonging to plaintiff, killing one outright and injuring another so severely that it died the next day, a third mule was found badly crippled some distance from the track. It will require slight evidence to establish the fact that the train injured this animal which belonged to the drove run into by the train; when no other plausible cause for the injury is suggested.

The defendant, assuming the burden imposed by Act 70 of 1886, presented as a witness the fireman of the train whose main claims are that the train was in good condition travelling slowly, and that the view was obstructed by piles of cross ties along the side of the track.

Apart from the fact that the judge states that the testimony of the fireman is unreliable, we think the placing of the cross ties near the track so as to obstruct the view was an act of negligence on the part of the defendant for which it is clearly responsible.

Defendant has failed to sustain the burden of proof and must respond in damages.

The Judge, however, allowed thirty dollars more than was either claimed or proved as the value of the mule that was killed.

As to the value of the crippled mule we do not find proof sufficient to warrant a judgment. It was still alive at the time of trial, and it is not shown to have

been absolutely worthless. The plaintiffs say; "She is almost a total loss", "she is not worth her feed hardly," "We hack her up occasionally to do a little piece around the yard." Proof more relative and precise should be furnished of the actual value of the animal, and to this extent there should be a non-suit.

The amount paid Dr. Ford and for medicine for the attempt to better the condition of the crippled animal was properly allowed, but we find no proof of the claim for the feeding of the mule for eleven months.

Expressing no view as to whether liability would arise where plaintiff made no tender of the mule and retained its ownership for an indefinite period, after suit for the full value of the mule, we shall grant a non-suit as to that item.

The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of plaintiffs, Paul and Joseph Sentilles, and against the defendant, Morgan's Louisiana and Texas Railroad and Steamship Company in the sum of five hundred and sixty one dollars ($561.00) with legal interest from judgment, and that plaintiff's demand for the value of the mule injured and the claim for feed for eleven months be rejected as in case of non-suit, that, as amended, the judgment be affirmed, appellee to pay costs of appeal.